UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

NATIONAL LABOR RELATIONS BOARD            )
1099 14th Street, NW, Suite 10700         )
Washington, D.C. 20005,                   )
                                          )
            Applicant,                    )
                                          CASE NUMBER   1:07MS00092
     v.                                   JUDGE: Richard J. Leon

TONY BUTLER                               DECK TYPE: Miscellanous
9509 Greencastle Ln
Lorton, VA 22079,                         DATE STAMP: 02/27/2007

            Respondent.                   )

ORIGINAL

FILED

FEB 27 2007

NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

APPLICATION OF THE NATIONAL LABOR RELATIONS BOARD FOR AN
ORDER REQUIRING COMPLIANCE WITH AN INVESTIGATIVE SUBPOENA

The National Labor Relations Board (the "Board"), an administrative agency of the

United States Government, respectfully applies to this Court, pursuant to Section 11(2) of the

National Labor Relations Act (29 U.S.C. Sec. 161(2)) (the "Act"), for an order requiring

Respondent Tony Butler, president of Bravo Fire Protection Company, Inc. ("Bravo"), to comply

with a subpoena duces tecum issued by the Board and duly served on him in the manner

provided by law.  In support of its application, upon information and belief, the Board shows as

follows:

        1.      The Board is an administrative agency of the United States Government created

by the Act, and empowered to administer the provisions of the Act, including the issuance of

subpoenas in furtherance of its investigation of matters within its jurisdiction.  Section 161(2) of

the Act confers jurisdiction upon the United States district courts, upon application of the Board,

to order compliance with those subpoenas.

2.      Bravo, a corporation with offices in the District of Columbia, within this judicial district, is engaged in the business of installing and maintaining fire protection systems.

3.      In 2006, Washington Sprinkler, Inc. ("Washington Sprinkler") subcontracted work to Bravo. At the time, Washington Sprinkler was a signatory to a collective-bargaining agreement with Road Sprinkler Fitters Local Union 669 (the "Union"). That agreement specified that Washington Sprinkler could only subcontract work to another contractor that had a collective-bargaining agreement with the Union.

4.      On July 28, 2006, the Union filed an unfair labor practice charge with the Board alleging that Washington Sprinkler unlawfully subcontracted work to companies, including Bravo, that did not have a collective-bargaining agreement with the Union.

5.      On November 15, 2006, the Board sent a letter (**Exhibit 1**) to Bravo President Tony Butler requesting information to determine the time period during which Bravo subcontracted work from Washington Sprinkler in 2006; whether Bravo was party to any collective-bargaining agreement with the Union during that period; and whether Bravo paid its employees in accordance with the terms of the collective-bargaining agreement between the Union and Washington Sprinkler during that period. The Board requested that Butler respond to the letter by December 1, 2006.

6.      Having received no response to its November 15, 2006 letter, the Board, on December 5, 2006, issued a subpoena duces tecum (Subpoena B-498162) (**Exhibit 2**) to Butler requiring him to produce documents and written answers to interrogatories to the Board by December 31, 2006. The subpoena was served on Butler at his home by overnight mail on December 7, 2006 (**Exhibit 3**).

7.      Having received no response to its subpoena, the Board, on January 17, 2006, sent

2

a letter (**Exhibit 4**) to Butler reminding him of his obligation to produce the information requested by the subpoena. That letter was received at Butler's home on January 19, 2007. (**Exhibit 5**).

8.     To date, Mr. Butler has failed and refused to provide the Board with any documents or written answers to interrogatories, as requested by the subpoena duces tecum.

9.     Although Section 11(1) of the Act provides that a person subpoenaed may seek to have the subpoena revoked by filing a petition to revoke within five days of service of the subpoena, and those requirements are summarized on the face of the subpoena, a petition to revoke the subpoena at issue here was never filed.

10.     As noted previously, Section 11(2) of the Act, specifically authorizes the Board to make an "application" to the district court for a summary disposition of the Board's application to enforce the Board's subpoenas. The Board's application is a dispositive matter, not a pre-trial civil discovery matter in district court. "It is significant that the statute calls for an "application" rather than a petition, an "order" rather than for a judgment, and that it details no other procedural steps." <u>Goodyear Tire & Rubber Co. v. NLRB</u>, 122 F.2d 450, 451 (6th Cir. 1941).

11.     The failure and refusal of Respondent Tony Butler to provide the requested information in compliance with the subpoena duces tecum, which information is relevant and material to the issues in the investigation before the Board, has impeded and continues to impede the Board in the investigation of the matters before it, and has prevented and is preventing the Board from carrying out its duties and functions under the Act.

WHEREFORE, the applicant, National Labor Relations Board, respectfully prays: that this Court enter an order forthwith:

(a)     Compelling Respondent Tony Butler to appear for a deposition before a representative of the Board within 14 days of this Order on a date and location selected by the

Board and, then and there, provide the documents and written answers to the interrogatories, as requested by Subpoena Duces Tecum B-498162.

(b)    Requiring Butler to reimburse the Board for the costs and attorneys fees (calculated at the prevailing market rate) incurred in initiating and prosecuting this subpoena enforcement action; and

(c)    That the applicant, National Labor Relations Board, have such other and further relief as may be necessary and appropriate.

SIGNED at Washington, District of Columbia, this 27th day of February, 2007.

NATIONAL LABOR RELATIONS BOARD

STANLEY R. ZIRKIN
Assistant General Counsel
(202) 273-3739

DAVID H. MORI, Trial Attorney
Contempt Litigation and Compliance Branch
1099 14th Street, NW, Suite 10700
Washington, D.C. 20005
(202) 273-3743
email:  david.mori@nlrb.gov

# EXHIBIT 1



Contempt Litigation and Compliance Branch

1099 14th St. N.W. St. 10700
Washington, D.C. 20570
TELEPHONE (202) 273-3743 FAX (202) 273-4244

November 15, 2006

Tony Butler, President
Bravo Fire Protection Company, Inc.
9509 Greencastle Lane
Lorton, VA 22079

Re: <u>Washington Sprinkler Company</u>
Case 5-CA-33176

Dear Mr. Buter:

Our Agency is conducting an investigation to determine whether Washington Sprinkler Company ("WSC") has been failing and refusing to comply with a judgment issued by the United States Court of Appeals for the District of Columbia Circuit on January 12, 2006.

Specifically, it has been alleged that WSC has been failing and refusing to abide by a collective-bargaining agreement that it signed earlier this year. It is our understanding that this collective-bargaining agreement requires subcontractors to have a collective-bargaining agreement with Road Sprinkler Fitters Local Union 669 (the "Union") and to adhere to the terms of such an agreement, including provisions concerning the collection of dues and the payment of benefits.

It is our understanding that WSC subcontracted work to Bravo Fire Protection Company ("Bravo") this year. Accordingly, we would like you to provide the following information to us:

1. Copies of any and all contracts between Bravo and WSC regarding the subcontracting of any work in 2006;

2. Copies of documents showing the specific dates WSC subcontracted work to Bravo in 2006;

3. Copies of any and all invoices that Bravo sent to WSC for work performed in 2006;

4. Copies of payroll records showing the hourly wage rate and hours worked by any and all employees employed by Bravo on jobs WSC subcontracted to Bravo in 2006;

5. Copies of documents showing whether Bravo had any collective-bargaining agreement with the Union in 2006; and

6. Copies of documents showing whether Bravo made any payments to the National Automatic Sprinkler Industry ("NASI") Welfare Fund; the NASI Pension Fund; the NASI Education Fund; NASI–Local 669 Industry Education Fund; or the Supplemental Pension Fund in 2006.

We would appreciate receiving the requested information by no later than Friday, December 1, 2006. The information should be mailed to me at:

National Labor Relations Board
Contempt Litigation and Compliance Branch
1099 14th Street, NW, Suite 10700
Washington, D.C. 20005

If you have any questions, I may be reached at (202) 273-3743.

Thank you for your cooperation in this matter.

Sincerely,

David H. Mori
Trial Attorney

EXHIBIT 2



NATIONAL LABOR RELATIONS BOARD
Contempt Litigation and Compliance Branch

1099 14th St. N.W. St. 10700
Washington, D.C. 20570
TELEPHONE (202) 273-3743  FAX (202) 273-4244

December 5, 2006

**BY OVERNIGHT MAIL**

Tony Butler, President
Bravo Fire Protection Company
9509 Greencastle Lane
Lorton, VA 22079

Re:    Washington Sprinkler Company
       Case 5-CA-33176

Dear Mr. Butler:

On November 15, 2006, I sent you a letter (see attached) requesting that you provide us with certain information by December 1, 2006. To date, I have not received any of the requested information. Accordingly, please find enclosed a subpoena duces tecum requiring you to provide the information to us by December 31, 2006.

If you have any questions, I may be reached at the telephone number above.

Sincerely,

David H. Mori
Attorney

# UNITED STATES OF AMERICA
## NATIONAL LABOR RELATIONS BOARD

To ___ Tony Butler, President, Bravo Fire Protection Company ___

___ 9509 Greencastle Lane, Lorton, VA    22079 ___

As requested by ___ David H. Mori, Attorney ___

whose address is ___ 1099 14th Street, N.W., Suite 10700, Washington, DC    20005 ___

| (Street) | (City) | (State) | (Zip) |

YOU ARE HEREBY REQUIRED AND DIRECTED TO ~~APPEAR BEFORE~~ PROVIDE TO ___

___ David H. Mori, Trial Attorney ___ of the National Labor Relations Board

at ___ address above ___

~~in the City of~~ ___

by ~~on~~ the __31st__ day of ___ December ___ 20 _06_ ~~xxxxxxxxxxxxxxxxxxxxxxxxxxxxxxx~~

~~xxxxxxxxxxxxxxxxxxxxxxx~~ your written answers to the attached interrogatories.

___ Washington Sprinkler Company ___

(Case Name and Number)

5-CA-33176

And you are hereby required to ~~bring with you and produce at said time and place~~ provide the following books, records, correspondence, and documents:

___

See Attachment

___

___

In accordance with the Board's Rules and Regulations, 29 C.F.R. Section 102.31(b) (unfair labor practice proceedings) and/or 29 C.F.R. Section 102.66(c) (representation proceedings), objections to the subpoena must be made by a petition to revoke and must be filed as set forth therein. Petitions to revoke must be received within five days of your having received the subpoena. 29 C.F.R. Section 102.111(b) (3). Failure to follow these regulations may result in the loss of any ability to raise such objections in court.

**B- 498162**

Under the seal of the National Labor Relations Board, and by direction of the Board, this Subpoena is

Issued at   Washington, DC

this  5   day of   December        20 _06_

*Robert J. Battista*

NOTICE TO WITNESS. Witness fees for attendance, subsistence, and mileage under this subpoena are payable by the party at whose request the witness is subpoenaed. A witness appearing at the request of the General Counsel of the National Labor Relations Board shall submit this subpoena with the voucher when claiming reimbursement.

ATTACHMENT TO NLRB SUBPOENA DUCES TECUM

## Definitions and Instructions

1.  Written answers to the interrogatories set forth below must be provided by no later than the date indicated on the face of the subpoena.

2.  All answers to the interrogatories shall be provided under penalty of perjury, and the answers provided shall be accompanied by a sworn verification so stating.

3.  These interrogatories shall be deemed continuing to the full extent defined in the Federal Rules of Civil Procedure, Rule 26(e).

4.  Wherever used herein, the singular shall be deemed to include the plural, and vice versa; the present tense shall be deemed to include the past tense and vice versa; the masculine shall be deemed to include the feminine and vice versa; the disjunctive "or" shall be deemed to include the conjunctive "and" and vice versa; each of the words "each," "every," "any" and "all" shall be deemed to include each of the other words; and "documents" has the meaning contained in the Federal Rules of Civil Procedure, Rule 34(a).

5.  In answering these interrogatories, furnish all information, however, obtained, including hearsay that is available to you and information known by or in possession of yourself, your agents and your attorney, or appearing in your records, and identify with specificity the sources of all information provided in your answers.

6.  If you cannot answer the following interrogatories in full after exercising due diligence to secure the full information to do so, so state and answer to the extent possible, specifying your inability to answer the remainder, stating whatever information or knowledge you have concerning the unanswered portion and detailing what you did in attempting to secure the unknown information.

7.  In response to any interrogatory not expressly asking for documents, state whether there are any documents which reflect or relate to any of the information requested in that interrogatory, and identify the custodian of the documents.

8.  Any interrogatory which cannot be answered in full shall be answered as completely as possible, and any incomplete answer shall be accompanied by reasons for the incompleteness of the answer as well as by a statement of whatever knowledge, information, or belief is possessed by

the responding , .ty with respect to each unanswered incomplete interrogatory.

9. Should you claim that any of the requested information is privileged, such claim shall specify in detail all the grounds on which such claim rests.

10. As used herein, the term "person" means any natural person, corporation, partnership, proprietorship, association, organization, trust, joint venture, or group of natural persons or other organizations.

11. As used herein, the term "documents" " include but are not limited to the following items, whether printed or recorded or produced by any other mechanical, electrical or digital process, or written or produced by hand: agreements: communications, reports, facsimiles, correspondence, telegrams. memoranda. summaries or records or telephone conversations, summaries or recordings of personal conversations or interviews, diaries, notebooks, calendar entries, notes, charts, plans summaries or records of meetings or conferences, transcripts or summaries or reports of investigations or negotiations, brochures, pamphlets, advertisements, circulars, press releases, drafts, letters. internal or inter-office memoranda or correspondence, questionnaires or surveys and response thereto, employment applications, employment or personnel files, job description, lists and marginal comments appearing on any document, video tapes, recordings and transcriptions or summaries thereof, licenses, certificates, computer databases, including but not limited to electronic mail messages and any other information stored by computer and all other writings or recordings of any variety. Additionally, the tem "document" refers to any attachments to or enclosure with each document.

12. When addresses and telephone numbers are requested, both business and home addresses and telephone numbers are required.

## INTERROGATORIES AND REQUESTS FOR DOCUMENTS

*Pursuant to §11 of the National Labor Relations Act, 29 U.S.C. §161, the National Labor Relations Board directs you to provide full and complete written responses to the interrogatories below and produce the documents set forth in this attachment.*

1. State the name, official title, address, and telephone number of each and every person who has served as an owner or a corporate officer of Bravo Fire Protection Company, Inc. (herein referred to as "Bravo") at any time from January 1, 2006 to the present.

2.   State the na       address, and telephone number o'  `ch and every person employed by Bravo at any time from January 1, 2006 to the present.

3.   State the specific dates Bravo performed work for Washington Sprinkler Company at any time from January 1, 2006 to the present.

4.   Copies of any and all invoices submitted to Washington Sprinkler Company for work performed by Bravo at any time from January 1, 2006 to the present.

5.   Copies of documents showing any and all payments made by Washington Sprinkler Company to Bravo at any time from January 1, 2006 to the present.

6.   Copies of payroll records showing the hourly wage rates and hours worked by any and all employees of Bravo on Washington Sprinkler Company jobs at any time from January 1, 2006 to the present.

7.   Copies of documents showing any and all payments made by Bravo to the National Automatic Sprinkler Industry (herein referred to as "NASI") Welfare Fund; the NASI Pension Fund; the NASI Education Fund; NASI-Local 669 Industry Education Fund; or the NASI Supplemental Pension Fund at any time from January 1, 2006 to the present.

8.   State whether Bravo has ever had a collective-bargaining relationship with Road Sprinkler Fitters Local Union 669 at any time from January 1, 2006 to the present.

9.   Copies of any and all contracts between Bravo and Washington Sprinkler Company executed at any time from January 1, 2006 to the present.

EXHIBIT 3

## Mori, David H.

**From:**  TrackingUpdates@fedex.com

**Sent:**  Thursday, December 07, 2006 2:43 PM

**To:**  Mori, David H.

**Subject:** FedEx Shipment 791181642003 Delivered

---

This tracking update has been requested by:

Company Name: NATIONAL LABOR RELATIONS BOARD

Name:  NLRB Staff

E-mail:  david.mori@nlrb.gov

---

Our records indicate that the following shipment has been delivered:

Tracking number:            791181642003
Door Tag number:            DT101236143181
Reference:                  enforc
Ship (P/U) date:            Dec 5, 2006
Delivery date:              Dec 7, 2006 14:17 PM
Sign for by:                T.MASSEY
Delivered to:               Residence
Service type:               FedEx Standard Overnight
Packaging type:             FedEx Envelope
Number of pieces:           1
Weight:                     0.5 LB

Shipper Information         Recipient Information
NLRB Staff                  Tony Butler
NATIONAL LABOR RELATIONS BOARD   9509 Greencastle Lane
1099 14TH STREET, NW        Lorton
WASHINGTON                  VA
DC                          US
US                          22079
20005

Special handling/Services:
Deliver Weekday
Residential Delivery
Adult Signature  Required

Please do not respond to this message. This email was sent from an unattended
mailbox. This report was generated at approximately 1:22 PM  CST
on 12/07/2006.

To learn more about FedEx Express, please visit our website at fedex.com.

All weights are estimated.

To track the latest status of your shipment, click on the tracking number  above,
or visit us at fedex.com.

This tracking update has been sent to you by FedEx on the behalf of the
Requestor noted above. FedEx does not validate the authenticity of the
requestor and does not validate, guarantee or warrant the authenticity of  the
request, the requestor's message, or the accuracy of this tracking update.  For

tracking results and fedex.com's terms of use, go to <u>fedex.com</u>.

Thank you for your business.

EXHIBIT 4



**NATIONAL LABOR RELATIONS BOARD**

Contempt Litigation and Compliance Branch

1099 14th St. N.W.  St. 10700
Washington, D.C.  20570
TELEPHONE (202) 273-3743  FAX (202) 273-4244

January 17, 2006

**BY OVERNIGHT MAIL**

Tony Butler, President
Bravo Fire Protection
9509 Greencastle Ln
Lorton, VA 22079

7108 Fairchild Drive, No. 104
Alexandria, VA 22306

Re:    Washington Sprinkler Company
        Case 5-CA-33176

Dear Mr. Butler:

On December 5, 2006, we sent you a subpoena (see enclosed) requiring you to provide information to us, including documents, by December 31, 2006. Our records show that the subpoena was received at the Lorton address on December 7, 2006. To date, we have not received any contact from you.

Please provide the requested information to us by close of business, Wednesday, January 24, 2007. If we do not receive the information by that date, we will seek to enforce the subpoena in federal district court. If we are compelled to go that route, we will seek an order from the court requiring you to pay our attorneys' fees and costs.

I may be reached at (202) 273-3743 if you have any questions.

Sincerely,

David H. Mori
Trial Attorney

Enclosure

EXHIBIT 5

## Mori, David H.

**From:**    TrackingUpdates@fedex.com
**Sent:**    Friday, January 19, 2007 11:57 AM
**To:**    Mori, David H.
**Subject:** FedEx Shipment 792273986181 Delivered

---

This tracking update has been requested by:

Company Name: NATIONAL LABOR RELATIONS BOARD

Name:  NLRB Staff

E-mail:  david.mori@nlrb.gov

---

Our records indicate that the following shipment has been delivered:

Tracking number:              792273986181
Door Tag number:              DT101252454231
Reference:                    enforc
Ship (P/U) date:              Jan 17, 2007
Delivery date:                Jan 19, 2007 11:21 AM
Sign for by:                  M.TAMARA
Delivered to:                 Residence
Service type:                 FedEx Standard Overnight
Packaging type:               FedEx Envelope
Number of pieces:             1
Weight:                       0.5 LB

Shipper Information           Recipient Information
NLRB Staff                    Tony Butler
NATIONAL LABOR RELATIONS BOARD  9509 Greencastle Ln
1099 14TH STREET, NW          Lorton
WASHINGTON                    VA
DC                            US
US                            22079
20005

Special handling/Services:
Deliver Weekday
Residential Delivery
Adult Signature  Required

Please do not respond to this message. This email was sent from an unattended
mailbox. This report was generated at approximately 10:54 AM  CST
on 01/19/2007.

To learn more about FedEx Express, please visit our website at fedex.com.

All weights are estimated.

To track the latest status of your shipment, click on the tracking number  above,
or visit us at fedex.com.

This tracking update has been sent to you by FedEx on the behalf of the
Requestor noted above. FedEx does not validate the authenticity of the
requestor and does not validate, guarantee or warrant the authenticity of  the
request, the requestor's message, or the accuracy of this tracking update. For

2/7/2007

tracking results and fedex.com's terms of use, go to <u>fedex.com</u>.

Thank you for your business.

**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | | |
|---|---|---|
| **NATIONAL LABOR RELATIONS BOARD** | ) | |
| 1099 14th Street, NW, Suite 10700 | ) | |
| Washington, D.C. 20005, | ) | |
| | ) | |
| **Applicant,** | ) | |
| | ) | |
| v. | ) | **Civil Action No.** |
| | ) | |
| **TONY BUTLER** | ) | |
| 9509 Greencastle Ln | ) | |
| Lorton, VA 22079, | ) | |
| | ) | |
| **Respondent.** | ) | |

**MEMORANDUM IN SUPPORT OF APPLICATION OF THE NATIONAL**
**LABOR RELATIONS BOARD FOR AN ORDER REQUIRING COMPLIANCE**
**WITH AN INVESTIGATIVE SUBPOENA**

The National Labor Relations Board, (the "Board"), an administrative agency of

the Federal Government, having made an application for an order requiring compliance

with a subpoena served on Respondent Tony Butler, president of Bravo Fire Sprinkler

Company, Inc. ("Bravo"), submits this memorandum in support of that application.

**A.   This Court Has Subject Matter Jurisdiction to Grant the Board's**
**Application for Subpoena Enforcement.**

Section 11(1) of the Act, 29 U.S.C. §161(1), grants statutory authority to the

Board for the exercise of subpoena power.  That section states, in part:

> The Board, or its duly authorized agents or agencies, shall at all reasonable
> times have access to, for the purpose of examination, and the right to copy
> any evidence of any person being investigated or proceeded against that
> relates to any matter under investigation or in question. The Board, or any
> member thereof, shall upon application of any party to such proceedings,
> forthwith issue to such party subpoenas requiring the attendance and
> testimony of witnesses or the production of any evidence in such
> proceeding or investigation requested in such application.

*See Perdue Farms, Inc., Cookin' Good Div. v NLRB*, 144 F.3d 830, 834 (D.C. Cir. 1998);

*NLRB v. Carolina Food Processors*, 81 F.3d 507, 511 (4th Cir. 1996); *NLRB v. Alaska*

*Pulp Corp.*, 149 LRRM 2684, 2687 (D.D.C. 1995).

The United States district courts receive their power to order enforcement of

subpoenas by the Board by virtue of Section 11(2) of the Act (29 U.S.C. §161(2)).  That

section states, in part:

> In case of contumacy or refusal to obey a subpoena issued to any person,
> any United States district court . . . within the jurisdiction of which the
> inquiry is carried on or within the jurisdiction of which said person guilty
> of contumacy or refusal to obey is found or resides or transacts business,
> upon application by the Board shall have jurisdiction to issue to such
> person an order requiring such person to appear before the Board, its
> member, agent, or agency, there to produce evidence if so ordered, or
> there to give testimony touching the matter under investigation or in
> question . . . .

*See NLRB v. U.S. Postal Servi*ce, 790 F.Supp. 31, 33 (D.D.C. 1992).

In the instant case, the Board is investigating whether Washington Sprinkler, Inc.

("Washington Sprinkler") unlawfully violated the terms of a collective-bargaining

agreement with Road Sprinkler Fitters Local Union 669 (the "Union") in 2006 by

subcontracting work in the District of Columbia, within this judicial district, to a non-

union company, Bravo.  Because the inquiry pursuant to which the Board caused

Subpoena Duces Tecum B-498162 to be served on Bravo President Tony Butler takes

place within this judicial district, and Butler, through his company, transacts business

within this judicial district, this Court clearly has jurisdiction under Section 11(2) of the

Act to order his compliance with the subpoena.[1]

---

[1] The subpoena, which requires Butler to provide documents and written answers
to interrogatories to the Board, was served on Butler at his home on December 7,
2006 (**see Application, Exhibits 2 and 3**).

2

**B.    The Board's Application Procedure for Subpoena Enforcement is Appropriate**

The Board's subpoena enforcement proceedings, authorized by Section 11(2) of

the Act, are summary in nature. *See NLRB v. Frazier*, 966 F.2d 812, 817 (3d Cir. 1992);

*North American Van Lines, Inc.,* 611 F. Supp. 760, 763 (N.D.Ind. 1985) (citing *NLRB v.*

*G.H.R. Energy Corp.,* 707 F.2d 110, 113 (5th Cir. 1982)); *NLRB v. Frederick Cowan and*

*Co., Inc.,* 522 F.2d 26, 28 (2d Cir. 1975).  Section 11(2) specifically authorizes the Board

to make an "application" to the district courts for a summary disposition, on the sole issue

of whether or not to enforce the Board subpoenas.

It is well established that in a Section 11(2) enforcement case, the district court

should treat the Board's application as a dispositive matter, and not as a pre-trial

discovery matter. *Frazier*, 966 F.2d at 817-818.  For, as one court recognized,

"otherwise, the enforcement proceedings may become a means for thwarting the

expeditious discharge of the agency's responsibilities." *See NLRB v. Interstate Dress*

*Carriers, Inc.,* 610 F.2d 99, 112 (3d Cir. 1970).  "[T]he question of whether or not to

enforce the subpoena is the only matter before the court.  The court's decision seals with

finality the district court proceeding and is subject to appellate review." *Frazier*, 966

F.2d at 818.  Indeed, the limited nature of this jurisdictional grant to the district court

contained in Section 11(2) is a consequence of Congress' recognition of the importance

of providing the Board with a means of prompt enforcement of its subpoenas so that it

can effectively carry out its statutory mission.

Consistent with the authorization contained in Section 11(2) of the Act and the

need to avoid unnecessary delay of the Board's processes, the Board's practice has long

been to file an application with the district court to enforce the Board's subpoenas. *See*

*NLRB v. U.S. Postal Service*, 790 F.Supp. at 32. Section 11(2) specifically provides that

a subpoena enforcement proceeding is commenced by an application, not by complaint or

motion and notice of motion. As explained long ago by the Sixth Circuit *in Goodyear*

*Tire & Rubber Co. v. NLRB*, 122 F.2d 450 (6th Cir. 1941), in a case challenging the

Board's failure to serve a summons and complaint in a subpoena enforcement

proceeding:

> [T]he proceedings plainly are of a summary nature not requiring
> the issuance of process, hearing, findings of fact, and the elaborate process
> of a civil suit. We think the procedure to be followed in the district court
> is controlled by Section 11(2) of the Act . . . .
>     It is significant that the statute calls for an "application" rather than
> a petition, an "order" rather than a judgment, and that it details no other
> procedural steps. Obviously, if the enforcement of valid subpoenas, the
> issuance of which is a mere incidence in a case, were to require all of the
> formalities of a civil suit, the administrative work of the Board might often
> be subject to great delay. We think that such was not the intention of
> Congress.

*Id.* at 451; *See also Interstate Dress Carriers*, 610 F.2d at 112; *U.S. v. Vivian*, 224 F.2d

53, 57 (7th Cir. 1955).

Thus, the Board's application procedure for seeking enforcement of the

subpoena issued to Respondent Tony Butler in the instant case is appropriate.

**C.     This Court Should Grant the Board's Application for Subpoena**
**Enforcement Because the Subpoena Seeks Relevant Information**

Subpoenas from the Board are subject to limited judicial review. A district court

will enforce a Board subpoena if the investigation is legitimate, the subpoena is not

overly broad, and the records or testimony sought are relevant to the inquiry. *See U.S.*

*Postal Service*, 790 F.Supp. at 34 (citing *United States v. Morton Salt Co.*, 338 U.S. 632,

4

652 (1964)); *NLRB v. North Bay Plumbing*, 102 F.3d 1005, 1007 (9th Cir. 1996*);

Frazier*, 966 F.2d at 815; *NLRB v. Williams*, 396 F.2d 247, 249 (7th Cir. 1968).

The burden on a party seeking to evade compliance with a subpoena is not a

meager one. The party must show that the subpoena serves purposes outside the realm of

authority of the issuing agency. If this threshold is not reached, the court should enforce

the subpoena. <u>Frazier</u>, 966 F. 2d at 818.

The information sought by the subpoena duces tecum served on Respondent Tony

Butler in the instant case is relevant to the issues under investigation. As discussed

earlier, the Board is investigating whether Washington Sprinkler unlawfully violated the

terms of a collective-bargaining agreement in 2006 by subcontracting work to a non-

union company, Bravo. Request nos. 1 and 2 of the subpoena seek contact information

for Bravo's employees should the Board find it necessary to speak with them about work

they performed in 2006. Request nos. 3-5 and 9 seek information that would show the

time period during which Bravo subcontracted work from Washington Sprinkler in 2006.

Request no. 8 seeks information that would disclose whether Bravo had a collective-

bargaining relationship with the Union during that period. Finally, request nos. 6 and 7

seek information that would reveal whether Bravo paid its employees in accordance with

the terms of the collective-bargaining agreement between Washington Sprinkler and the

Union during that period.

In sum, the evidence requested by the aforementioned subpoena is relevant to the

Board's investigation into whether Washington Sprinkler unlawfully subcontracted work

to Bravo in 2006. Accordingly, Respondent Tony Butler should be ordered to fully obey

the subpoena requiring him to provide documents and written answers to interrogatories to the Board.

**D.    Respondent Tony Butler Is Estopped From Challenging the Validity of the Subpoena.**

Respondent Tony Butler has no legitimate defenses for his failure to obey the subpoena duces tecum issued to him. Although entitled to do so, Butler failed to challenge the subpoena through the available administrative procedures. Section 11(2) of the Act provides for a period of five (5) days after the service of a subpoena within which any person served with a subpoena may petition the Board to revoke the subpoena. The face of the subpoena spells out these requirements. Butler did not file any such petition to revoke the subpoena. Having failed to exhaust available administrative remedies with respect to the subpoena, Butler should be precluded form challenging said subpoenas before this Court. See Maurice v. NLRB , 691 F.2d 182, 183 (4th Cir. 1982) (reversing district court's order enjoining enforcement of Board subpoena, where subpoenaed party failed to exhaust administrative remedies); NLRB v. Bacchi, 175 LRRM 2908, 2911 (E.D.N.Y. 2004); NLRB v. McDermott, 173 LRRM 2185, 2190 (D.Colo. 2003); NLRB v. Coughlin, 176 LRRM 3197, 3199-01 (S.D.Ill. 2005); Baywatch Security and Investigations, 2005 WL 1155109, at *2.

**E.    The Board Is Entitled To Be Reimbursed for the Costs Incurred in Initiating and Prosecuting This Subpoena Enforcement Action.**

Respondent Tony Butler has interposed no legitimate objections to obedience with the subpoenas. Indeed, he has raised no objections at all. Under these circumstances, the Board is entitled to an award of cost and attorneys' fees incurred in

initiating and prosecuting this subpoena enforcement action. See Cable Car Advertisers, 319 F.Supp.2d 991, 999-01 (N.D.Cal. 2004); Coughlin, 176 LRRM at 3202; NLRB v. A.G.F. Sports, Ltd., 146 LRRM 3022, 3024 (E.D.N.Y. 1994); Baywatch Security and Investigations, 2005 WL 1155109, at *3.

### CONCLUSION

For the reasons set forth above, the Board respectfully requests that this Court enter an order requiring Respondent Tony Butler's full obedience to Subpoena Duces Tecum B-498162 by compelling him to appear for a deposition before a representative of the Board within 14 days of this Order at a date and location selected by the Board and, then and there, provide the documents and written answers to the interrogatories requested by the subpoena and requiring Butler to reimburse the Board for the costs and attorneys' fees incurred in initiating and prosecuting this subpoena enforcement action. A proposed order is enclosed.

NATIONAL LABOR RELATIONS BOARD

STANLEY R. ZIRKIN
Assistant General Counsel
(202) 273-3739

DAVID H. MORI
Trial Attorney
Contempt Litigation and Compliance Branch
1099 14th Street, NW, Suite 10700
Washington, D.C. 20005
(202) 273-3743

DATED at Washington, D.C.
this 27th day of February, 2007.