## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| **NATIONAL LABOR RELATIONS BOARD** | ) | |
| **1099 14th Street, NW, Suite 10700** | ) | |
| **Washington, D.C. 20005,** | ) | |
| | ) | |
| **Applicant,** | ) | |
| | ) | |
| **v.** | ) | **Civil Case No. 07ms92 (RJL)** |
| | ) | |
| **TONY BUTLER** | ) | |
| **9509 Greencastle Ln** | ) | |
| **Lorton, VA 22079,** | ) | |
| | ) | |
| **Respondent.** | ) | |

## MOTION FOR ENTRY OF DEFAULT ORDER

The National Labor Relations Board (the "Board"), an administrative agency of the United States Government, by David Mori, respectfully moves this Court to enter the proposed order submitted by the Board on February 27, 2007 (Exhibit A).  In support of its motion, the Board shows as follows:

1.      On February 27, 2007, the Board filed an Application for an Order Requiring Compliance with an Investigative Subpoena ("Application"), an accompanying memorandum in support thereof, and a proposed order with this Court to compel Respondent Tony Butler, president of Bravo Fire Protection Company, Inc., to comply with a subpoena requiring him to provide documents and written answers to interrogatories.

2.      On March 2, 2007, Mr. Butler received a copy of the Application, the memorandum, and the proposed order by overnight mail from the Board (Exhibit B) .

3.      On March 5, 2007, the Court issued a Case Management Order (Exhibit C), a copy of which, along with a cover letter, the Board served on Mr. Butler by overnight mail and by regular first-class mail.  In the cover letter (Exhibit D), the Board requested that Mr. Butler

contact the Board by Friday, March 23, 2007, to discuss the Order's requirement, outlined in footnote 1 therein, that the parties jointly submit a statement to the Court indicating whether they believed the matter could be resolved solely through the filing of dispositive motions.

4.    Mr. Butler received the cover letter and a copy of the Case Management Order by overnight mail on March 19, 2007 (Exhibit E).

5.    As of April 3, 2007, Mr. Butler has not contacted the Board to discuss fulfilling any of the requirements specified in the Case Management Order.

6.    As of April 3, 2007, more than 30 days after having been served a copy of the Application from the Board, Mr. Butler still has not filed any response to the Application with this Court.

7.    Although Section 11(1) of the National Labor Relations Act, 29 U.S.C. 161(2) (the "Act"), provides that a person subpoenaed may seek to have the subpoena revoked by filing a petition to revoke within five days of service of the subpoena, and those requirements are summarized on the face of the subpoena, a petition to revoke the subpoena at issue here was never filed.

7.    Section 11(2) of the Act specifically authorizes the Board to make an "application" to the district court for a summary disposition of the Board's application to enforce the Board's subpoenas.  The Board's application is a dispositive matter, not a pre-trial civil discovery matter in district court.  *See NLRB v. Frazier*, 966 F.2d 812, 817 (3d Cir. 1992).  As explained long ago by the Sixth Circuit:  "[I]f the enforcement of valid subpoenas . . . were to require all of the formalities of a civil suit, the administrative work of the Board might often be subject to great delay.  We think that such was not the intention of Congress." Goodyear Tire & Rubber Co. v. NLRB, 122 F.2d 450, 451 (6th Cir. 1941).

8.      The failure and refusal of Respondent Tony Butler to provide the requested information in compliance with the subpoena duces tecum, which information is relevant and material to the issues in the investigation before the Board, has impeded and continues to impede the Board in the investigation of the matters before it, and has prevented and is preventing the Board from carrying out its duties and functions under the Act.

Accordingly, the Board respectfully requests that the Court enter the order proposed by the Board, requiring Respondent Tony Butler to appear for a deposition before a representative of the Board, within 14 days of this Order, on a date and location selected by the Board and, then and there, provide the documents and written answers to the interrogatories, as requested by Subpoena Duces Tecum B-498162, and to pay the Board's costs and attorney's fees incurred in this proceeding.  The Board will submit a separate motion to fix costs and attorney's fees at an appropriate time.

NATIONAL LABOR RELATIONS BOARD


/s/ David H. Mori_____
DAVID H. MORI
Trial Attorney
Contempt Litigation & Compliance Branch
1099 14th St., NW - Suite 10700
Washington, DC  20570
(202) 273-3743
david.mori@nlrb.gov.

Dated at Washington, D.C.
this 3rd day of April, 2007.

**EXHIBIT A**

# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

NATIONAL LABOR RELATIONS BOARD ⟩
1099 14th Street, NW, Suite 10700 ⟩
Washington, D.C. 20005, ⟩
⟩
              **Applicant,** ⟩
⟩
     **v.** ⟩         **Civil Action No.**
⟩
TONY BUTLER ⟩
9509 Greencastle Ln ⟩
Lorton, VA 22079, ⟩
⟩
           **Respondent.** ⟩

## ORDER

Upon consideration of the application of the National Labor Relations Board (the "Board"), pursuant to 29 U.S.C. Sec. 161(2), for an order requiring compliance with a subpoena duces tecum issued to Respondent Tony Butler, good cause appears for granting the Board's application. Accordingly, it is hereby:

I.     ORDERED that Respondent Tony Butler shall appear for a deposition before a representative of the Board within 14 days of this Order on a date and location selected by the Board and, then and there, provide the documents and written answers to the interrogatories, as requested by Subpoena Duces Tecum B-498162.

II.     IT IS FURTHER ORDERED that Butler shall reimburse the Board for all attorneys' fees and costs incurred by the Board in connection with this subpoena enforcement proceeding. Attorneys' fees shall be calculated at the prevailing market rate. Upon failure of the parties to agree upon the amount of such reimbursement, the Board

may make further application to the Court for an order fixing said amount.

ENTERED BY ORDER OF THE COURT

_____

Date:

**EXHIBIT B**

**FedEx**

US Home

Español

Information Center | Customer Support | Site Map

Search    Go!

| Package / Envelope Services | Office / Print Services | Freight Services | Expedited Services |
|---|---|---|---|

| Ship | Track | Manage My Account | International Tools |
|---|---|---|---|

Track Shipments
## Detailed Results

Printable Version    ? Quick Help

| Tracking number | 790681215598 | Reference | enforc | **Wrong Address?** |
| Signed for by | T.MASSEY | Destination | Lorton, VA | Reduce future mistakes by using |
| Ship date | Feb 27, 2007 | Delivered to | Residence | FedEx Address Checker. |
| Delivery date | Mar 2, 2007 12:51 PM | Service type | Standard Envelope | |
| | | Weight | 0.5 lbs. | **Tracking a FedEx SmartPost Shipment?** |
| Status | Delivered | | | Go to shipper login |

| Date/Time | | Activity | Location | Details |
|---|---|---|---|---|
| **Mar 2, 2007** | 12:51 PM | **Delivered** | Lorton, VA | |
| | 8:39 AM | On FedEx vehicle for delivery | WEST SPRINGFIELD, VA | |
| **Mar 1, 2007** | 2:37 PM | At local FedEx facility | WEST SPRINGFIELD, VA | |
| | 1:58 PM | Delivery exception | WEST SPRINGFIELD, VA | Customer not available or business closed |
| | 8:17 AM | On FedEx vehicle for delivery | WEST SPRINGFIELD, VA | |
| **Feb 28, 2007** | 4:47 PM | At local FedEx facility | WEST SPRINGFIELD, VA | |
| | 2:20 PM | Delivery exception | WEST SPRINGFIELD, VA | Customer not available or business closed |
| | 8:18 AM | On FedEx vehicle for delivery | WEST SPRINGFIELD, VA | |
| | 7:10 AM | At local FedEx facility | WEST SPRINGFIELD, VA | |
| **Feb 27, 2007** | 9:32 PM | At dest sort facility | DULLES, VA | |
| | 8:50 PM | Left origin | WASHINGTON, DC | |
| | 3:38 PM | Picked up | WASHINGTON, DC | |
| | 12:42 PM | Package data transmitted to FedEx | | |

Take 15% off
list rates on eligible
FedEx Express®
online shipments.
Learn more >>

| Signature proof | E-mail results | Track more shipments |
|---|---|---|

Subscribe to tracking updates (optional)

Your Name: [                    ]    Your E-mail Address: [                    ]

| E-mail address | Language | Exception updates | Delivery updates |
|---|---|---|---|
| [          ] | English | ☐ | ☐ |
| [          ] | English | ☐ | ☐ |



**Select format:** ⦿ HTML ○ Text ○ Wireless
**Add personal message:**

Not available for Wireless or
non-English characters.

☐ By selecting this check box and the Submit button, I agree to these Terms and
Conditions                                                                [ Submit ]

Global Home | Service Info | About FedEx | Investor Relations | Careers | fedex.com Terms of Use | Privacy Policy
This site is protected by copyright and trademark laws under US and International law. All rights reserved. © 1995-2007 FedEx

# EXHIBIT C

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| NATIONAL LABOR RELATIONS BOARD | ) | |
| 1099 14th Street, NW, Suite 10700 | ) | |
| Washington, D.C.  20005, | ) | |
| | ) | |
| Applicant, | ) | |
| | ) | |
| v. | ) | Civil Case No. 07ms92   (RJL) |
| | ) | |
| TONY BUTLER | ) | |
| 9509 Greencastle Ln | ) | |
| Lorton, VA   22079, | ) | |
| | ) | |
| Respondent. | ) | |

## CASE MANAGEMENT ORDER

March 5, 2007

This case has been assigned to the calendar of Judge Richard Leon.  The plaintiff shall immediately serve this Order on all parties, including any new parties to the action.  If this case came to the Court by a Petition for Removal, the removing defendant(s) shall serve this order on all other parties.

Upon the Court's motion, it is hereby

**ORDERED** that within 30 days of all defendants answering the complaint or filing other motions under Rule 12(b) of the Federal Rules of Civil Procedure, or within 30 days of the issuance of this order if an answer or Rule 12(b) motion has already been filed, the parties shall confer pursuant to Federal Rule of Civil Procedure 26(f) and Local Civil Rule 16.3.[1]  No later

---

[1] The May 17, 2001 amendment to Local Civil Rule 16.3 sets forth additional categories of proceedings that are exempted from this Rule's meet and confer requirements.  If counsel's proceeding is exempt from the local rule's requirements, counsel for both parties shall jointly

than fourteen days following that meeting, counsel shall submit: (1) their Joint Meet and Confer Statement addressing all topics listed in Local Civil Rule 16.3(c); and (2) a proposed scheduling order(s) in accordance with Rule 16.3(d).  Counsel are also directed to include in their Joint Meet and Confer Statement a one-page statement of the facts of the case and the statutory basis for all causes of action and defenses.  Once the Joint Meet and Confer Statement has been filed, the Court will schedule an initial status conference; and it is further

**ORDERED** that all counsel must familiarize themselves with the Federal Rules of Civil Procedure, particularly Federal Rules of Civil Procedure 16 and 26, and the Local Rules of the District of Columbia, "to secure the just, speedy, and inexpensive determination of [this] action," Fed. R. Civ. P. 1;[2] and it is further

**ORDERED** that parties comply with the following chambers practices and policies:

1.    **Courtroom Proceedings**: All courtroom proceedings, unless otherwise indicated, will be conducted in Courtroom 18 on the sixth floor of the E. Barrett Prettyman United States Courthouse, 333 Constitution Avenue, N.W., Washington, D.C. 20001.  Non-courtroom conferences and meetings will be held in Judge Leon's chambers unless otherwise specified.

2.    **Communications with Chambers**:  Counsel shall not contact the Court or its chambers regarding non-emergency matters by telephone, facsimile, letter, or by any other means.  Chambers may not provide legal advice or comment on the status of any pending

---

prepare and submit a statement to the Court indicating whether they believe the matter will be resolved solely through the filing of dispositive motions and proposing a scheduling timeline for the filing of such motions to the Court.  Counsel shall also indicate whether or not they believe an appearance before the Court will be necessary prior to resolution of the dispositive motions.

[2] The Local Civil Rules are available at "http:\\www.dcd.uscourts.gov".

2

motions.  Counsel may contact the Courtroom Deputy Clerk regarding emergency
scheduling matters.

3.  **Proposed Orders**: All motions, whether filed through the Electronic Filing System
(ECF) or otherwise, must be accompanied by a proposed order setting forth the relief or
action sought.  Under no circumstances shall the signature line appear alone on a page of
the proposed order.

4.  **Rescheduling Court Proceedings:**  Requests for continuances of court proceedings are
strongly discouraged because of the inconvenience they cause to the Court.  If counsel
seeks to change a previously scheduled hearing date, counsel is directed to submit a
written motion at least four days prior to the proceeding.  In the event of an emergency,
the four-day rule will be waived but counsel must still file a written motion in support of
their request.  The written motion must:

a.    demonstrate good cause for the continuance;

b.     state the opposing party's position on the continuance; and

c.    propose at least three alternative dates and times that would be convenient for all
parties in the case.  If counsel's suggested dates and times are not available on the
Court's calendar, an alternative of the Court's choosing will be selected.

5.  **Court Appearances by Counsel:** An attorney with authority to make scheduling
decisions must appear on behalf of the parties at all court appearances.  In addition,
counsel must have their calendars and the calendars of any necessary co-counsel available
with them for possible scheduling of future events related to the case.  In the event that
counsel is not a member of the Bar of this Court and is located outside the District, local
counsel[3] must be available to appear with the necessary authority to make scheduling
decisions on behalf of all parties and counsel in the case.

---

[3] LCvR 83.2(c) requires that an attorney who is not a member of the Bar of this Court
must obtain local counsel that is a member in good standing of this Court.

3

6.  **Motions for Extensions of Time to File Pleadings:** Motions for extension of time to file pleadings are strongly discouraged unless both parties consent. Counsel seeking an extension of time must file a written motion and a proposed order. Such a motion must include:

    a.    the number of previous extensions requested and granted to each party;

    b.    the specific ground(s) for the motion; a statement of the effect that the Court's granting of the motion will have on all other previously scheduled deadlines;

    c.    in cases where the motion seeks to extend the deadline for a dispositive motion, a suggested timeline for the filing of the opposition[4] and reply; and

    d.    pursuant to Local Civil Rule 7(m), the moving party shall include a statement of opposing counsel's position on the motion.

Failure to comply with the Local Civil Rules or this Order may result in rejection of the request. The Court grants such motions only upon a showing of good cause, focusing on the diligence of the party seeking the continuance and any prejudice that may result if the Court denies the continuance.[5]

7.  **Pleadings:** Every pleading signed by an attorney shall, in conformity with Local Civil Rule 5.1(e), contain the name, address, <u>telephone number</u>, fax number, and bar identification number of the attorney and, where applicable, local counsel.

8.  **Settlement and Alternative Dispute Resolution:** In order to reduce litigation expenses and delay, to eliminate the anxiety of trial and the risk of an unsatisfactory outcome, it is desirable that settlement occur as early as possible in the litigation process. The Court is available to assist the parties in pursuing settlement early in the process. However, the

---

[4] The deadline for the opposition should be suggested only after consulting with opposing counsel.

[5] *See Jackson v. Finnegan, Henderson, Farabow, Garrett & Dunner,* 101 F.3d 145 (D.C. Cir. 1996).

Court will not delay trial so that the parties may participate in settlement discussions on the eve of trial.

It shall be the norm for all cases to be referred for some form of alternative dispute resolution (ADR). Pursuant to Rule 16.3, the parties' Joint Meet and Confer Statement should address the potential benefit of ADR to their case, what steps should be taken to facilitate ADR, and the point during litigation at which ADR would be most appropriate. In considering what form of alternative dispute resolution the parties think the case is most suited, counsel are reminded that their options include mediation (either with a private firm or a Magistrate Judge), arbitration, early neutral evaluation, summary jury trial, or any other form of alternative dispute resolution that can be tailored to the needs of their case. If the parties believe that the case is not a candidate for alternative dispute resolution, they should provide the Court with an explanation of their position.

9.    **Stipulations of Dismissal:** Parties must submit a signed copy that includes a signature line for the Court. Under no circumstances shall the signature line appear alone on a page of the proposed order.

**SO ORDERED.**

**RICHARD J. LEON**
**United States District Judge**

**EXHIBIT D**



United States Government

**NATIONAL LABOR RELATIONS BOARD**

Contempt Litigation and Compliance Branch

1099 14th St. N.W.  St. 10700
Washington, D.C.  20570
TELEPHONE (202) 273-3743  FAX (202) 273-4244

March 16, 2007

**BY OVERNIGHT AND FIRST-CLASS MAIL**

Tony Butler
9509 Greencastle Ln
Lorton, VA 22079

Re:   National Labor Relations Board v. Tony  Butler
Civil Case No. 07ms92

Dear Mr. Butler:

On March 5, 2007, the United States District Court for the District of Columbia issued the enclosed Case Management Order.

The Order (see footnote 1) requires the parties to jointly submit a statement to the Court indicating whether we believe the matter will be resolved solely through the filing of dispositive motions and proposing a scheduling timeline for the filing of such motions to the Court.

Please contact me by no later than Friday, March 23, 2007, to discuss these matters.  I may be reached at (202) 273-3743.

Sincerely,

David H. Mori
Trial Attorney

Enclosure

**EXHIBIT E**

# FedEx.

US Home    Español

Information Center | Customer Support | Site Map

Search [        ] Go!

| Package / Envelope Services | Office / Print Services | Freight Services | Expedited Services |

| Ship | **Track** | Manage My Account | International Tools |

Track Shipments
## Detailed Results

Printable Version    Quick Help

| | | | | | Wrong Address? |
|---|---|---|---|---|---|
| **Tracking number** | 798630747510 | **Reference** | enforc | | Reduce future mistakes by using FedEx Address Checker. |
| **Signed for by** | T.TONI | **Destination** | Lorton, VA | | |
| **Ship date** | Mar 16, 2007 | **Delivered to** | Residence | | **Tracking a FedEx SmartPost Shipment?** |
| **Delivery date** | Mar 19, 2007 1:49 PM | **Service type** | Standard Envelope | | Go to shipper login |
| | | **Weight** | 0.5 lbs. | | |
| **Status** | Delivered | | | | |

| Date/Time | | Activity | Location | Details |
|---|---|---|---|---|
| **Mar 19, 2007** | 1:49 PM | **Delivered** | Lorton, VA | |
| | 1:47 PM | Delivery exception | WEST SPRINGFIELD, VA | Customer not available or business closed |
| | 7:53 AM | On FedEx vehicle for delivery | WEST SPRINGFIELD, VA | |
| | 7:00 AM | At local FedEx facility | WEST SPRINGFIELD, VA | |
| | 3:58 AM | At dest sort facility | DULLES, VA | |
| **Mar 18, 2007** | 5:00 PM | Departed FedEx location | MEMPHIS, TN | |
| | 12:58 PM | Arrived at FedEx location | MEMPHIS, TN | |
| **Mar 16, 2007** | 11:33 PM | At local FedEx facility | WASHINGTON, DC | |
| | 10:34 PM | Left origin | WASHINGTON, DC | |
| | 7:13 PM | Picked up | WASHINGTON, DC | |
| | 2:30 PM | Package data transmitted to FedEx | | |



Take 15% off
list rates on eligible
FedEx Express®
online shipments.

Learn more >>

| Signature proof | E-mail results | Track more shipments |

Subscribe to tracking updates (optional)

Your Name: [            ]    Your E-mail Address: [            ]

| E-mail address | Language | Exception updates | Delivery updates |
|---|---|---|---|
| [        ] | English | ☐ | ☐ |
| [        ] | English | ☐ | ☐ |
| [        ] | English | ☐ | ☐ |
| [        ] | English | ☐ | ☐ |

**Select format:** ● HTML ○ Text ○ Wireless

**Add personal message:**

Not available for Wireless or non-English characters.

☐ By selecting this check box and the Submit button, I agree to these Terms and Conditions

Submit

Global Home | Service Info | About FedEx | Investor Relations | Careers | fedex.com Terms of Use | Privacy Policy
This site is protected by copyright and trademark laws under US and International law. All rights reserved. © 1995-2007 FedEx

**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| **NATIONAL LABOR RELATIONS BOARD** | ) |
| **1099 14th Street, NW, Suite 10700** | ) |
| **Washington, D.C. 20005,** | ) |
| | ) |
| **Applicant,** | ) |
| | ) |
| **v.** | ) **Civil Case No. 07ms92 (RJL)** |
| | ) |
| **TONY BUTLER** | ) |
| **9509 Greencastle Ln** | ) |
| **Lorton, VA 22079,** | ) |
| | ) |
| **Respondent.** | ) |

**ORDER**

Upon consideration of the application of the National Labor Relations Board (the "Board"), pursuant to 29 U.S.C. Sec. 161(2), for an order requiring compliance with a subpoena duces tecum issued to Respondent Tony Butler, good cause appears for granting the Board's application. Accordingly, it is hereby:

I. ORDERED that Respondent Tony Butler shall appear for a deposition before a representative of the Board within 14 days of this Order on a date and location selected by the Board and, then and there, provide the documents and written answers to the interrogatories, as requested by Subpoena Duces Tecum B-498162.

II. IT IS FURTHER ORDERED that Butler shall reimburse the Board for all attorneys' fees and costs incurred by the Board in connection with this subpoena enforcement proceeding. Attorneys' fees shall be calculated at the prevailing market rate. Upon failure of the parties to agree upon the amount of such reimbursement, the Board

may make further application to the Court for an order fixing said amount.

ENTERED BY ORDER OF THE COURT

_____

Date:

**UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

| | | |
|---|---|---|
| **NATIONAL LABOR RELATIONS BOARD** | ) | |
| **1099 14th Street, NW, Suite 10700** | ) | |
| **Washington, D.C. 20005,** | ) | |
| | ) | |
| **Applicant,** | ) | |
| | ) | |
| **v.** | ) | **Civil Case No. 07ms92 (RJL)** |
| | ) | |
| **TONY BUTLER** | ) | |
| **9509 Greencastle Ln** | ) | |
| **Lorton, VA 22079,** | ) | |
| | ) | |
| **Respondent.** | ) | |

**CERTIFICATE OF SERVICE**

The undersigned hereby certifies that one copy of the Board's MOTION FOR ENTRY

OF DEFAULT ORDER and PROPOSED ORDER was this day served by FEDERAL

EXPRESS upon Respondent at the following address:

> Tony Butler
> Bravo Fire Sprinkler Company, Inc.
> 9509 Greencastle Ln
> Lorton, VA 22079

> /s/ David H. Mori_____
> David H. Mori
> Trial Attorney
> Contempt Litigation and Compliance Branch
> 1099 14th Street, NW, Suite 10700
> Washington, D.C. 20005
> (202) 273-3743

Dated at Washington, D.C.
this 3rd day of April, 2007.