## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| **NATIONAL LABOR RELATIONS BOARD** | ) | |
| **1099 14th Street, NW, Suite 10700** | ) | |
| **Washington, D.C. 20005,** | ) | |
| | ) | |
| **Applicant,** | ) | |
| | ) | |
| **v.** | ) | **Civil Case No. 07ms92 (RJL)** |
| | ) | |
| **TONY BUTLER** | ) | |
| **9509 Greencastle Ln** | ) | |
| **Lorton, VA 22079,** | ) | |
| | ) | |
| **Respondent.** | ) | |

### MOTION OF NATIONAL LABOR RELATIONS BOARD FOR AN ORDER OF ADJUDICATION IN CIVIL CONTEMPT AND FOR OTHER CIVIL RELIEF

The National Labor Relations Board (the "Board") respectfully moves the Court to adjudge Respondent Tony Butler in civil contempt for failing and refusing to comply in any respect with this Court's Order entered on April 9, 2007, enforcing an administrative subpoena issued by the Board.

In support of its motion, the Board, upon information and belief, alleges as follows:

### I.    JURISDICTION

This Court has the inherent power to enforce compliance with its lawful orders through civil contempt.  *Cobell v. Babitt*, 37 F.Supp.2d 6, 9 ( D.D.C. 1999).  "The ability to punish disobedience to judicial orders is regarded as essential to ensuring that the Judiciary has a means to vindicate its own authority without complete dependence on other Branches." *Young v. U.S. ex rel Vuitton et Fils S.A.*, 481 U.S. 787, 796 (1987).  The contempt power is also codified in 18 U.S.C. §401.

## II.     THE RELEVANT FACTS

1.     On February 27, 2007, the Board filed an Application for an Order Requiring Compliance with an Investigative Subpoena ("Application") with this Court to compel Respondent Tony Butler, president of Bravo Fire Protection Company, Inc., to comply with a subpoena requiring him to provide documents and written answers to interrogatories.

2.     On April 3, 2007, the Board filed a Motion for Entry of Default Order with this Court, because Mr. Butler failed to file any response to the Board's Application.

3.     On April 9, 2007, the Court granted the Board's Motion for Entry of Default Order and ordered Mr. Butler to appear for a deposition before a representative of the Board within 14 days of the Order, on a date and location selected by the Board, and, then and there, provide the documents and written answers to the interrogatories as requested by Subpoena Duces Tecum B-498162 (Exhibit 1).

4.     On April 11, 2007, the Board, via Federal Express, mailed a copy of the Court's April 9, 2007 Order to Mr. Butler, along with a cover letter informing him that he would be deposed at noon on April 24, 2007, at the Board's offices in Washington, D.C., and that he would be expected to produce the information requested by Subpoena Duces Tecum B-498162 on that date and time (Exhibit 2).

5.     Mr. Butler was served with a copy of the Court's Order and the Board's cover letter on April 16, 2007 (Exhibit 3).

6.     Mr. Butler failed to appear for his deposition on April 24, 2007.  To date, he has not provided any information requested by Subpoena Duces Tecum B-498162.  Moreover, he has not communicated to the Board any reason why such compliance with the Court's April 9, 2007 Order has not been forthcoming.

### III.     ARGUMENT

It is apparent that, absent compulsion, Respondent Tony Butler will continue to disobey the Court's Order requiring him to appear for a deposition, to provide answers to interrogatories, and to provide documents requested by the subpoena duces tecum.  Accordingly, it is appropriate to impose civil contempt sanctions to "coerce the defendant into compliance with the court's order, and . . . compensate the complainant for losses sustained."  *United States v. UMWA*, 330 U.S. 258, 303-04 (1947).  Orders imposing prospective fines to coerce future compliance and the imposition of costs and attorneys' fees to compensate the Board are traditional contempt remedies, including contempt for violation of subpoena enforcement orders.  *NLRB v. Warminster Investment Corp*., 163 LRRM 2535, 2546-47 (D.P.R. 1999) (subpoena case); *NLRB v. Service Employees Local 77,* 123 LRRM 3213, 3229-31 (9th Cir. 1987); *OCAW v. NLRB*, 547 F.2d 575, 596-98 (D.C. Cir. 1976), *cert. denied,* 431 U.S. 966 (1977).  Reservation of jurisdiction by the Court to issue writs of body attachment (i.e., civil imprisonment) is also a traditional remedy.  *See NLRB v. Savoy Laundr*y, 354 F.2d 78, 81 (2d Cir. 1965).

WHEREFORE, for the reasons stated, the Board respectfully prays that the Court issue an order that includes the following provisions:

1)     That Respondent Tony Butler is in contempt of court for failing and refusing to appear for a deposition before a representative of the National Labor Relations Board and for failing and refusing to provide information subpoenaed by the Board pursuant to 29 U.S.C. §161 of the National Labor Relations Act, as ordered by this Court on April 9, 2007.

2)     That Respondent Tony Butler be required to purge himself of his contempt of court by fully complying with and obeying the April 9, 2007 order of the Court in the manner set forth below:

      (a)     That within five (5) days of the date of the contempt adjudication, Mr. Butler be directed to appear for a deposition before a representative of the Board on a date and location selected by the Board and, then and there, provide the documents and written answers to the interrogatories as requested by Subpoena Duces Tecum B-498162;

      (b)     That Mr. Butler shall reimburse the Board for all attorneys' fees, calculated at the prevailing market rate, and all costs incurred by the Board in initiating and prosecuting this contempt action.  If the parties cannot agree on this amount, the Board may submit its costs and reasonable attorneys' fees to this Court for approval;

      (c)     That within ten (10) days after entry of this contempt adjudication, Mr. Butler be required to file a sworn statement with the Clerk of the Court (with a copy sent by overnight mail to the Board's offices at 1099 14th Street, NW, Washington, District of Columbia, 20005) showing what steps he has taken to comply with the Court's directives;

      (d)     That prospective fines be imposed against Mr. Butler, up to $5,000, for each and every violation of this contempt adjudication or further violation of the Court's April 9, 2007 order, and that up to $500 per day be imposed for each day the Court finds that such violations have continued; and

      (e)     That the Court reserve the right, upon further motion of the Board, to impose such additional measures as may be deemed necessary to ensure compliance with the Court's orders, including the issuance of a writ of body attachment against Mr. Butler.

A proposed order is submitted herewith.

Respectfully submitted,


NATIONAL LABOR RELATIONS BOARD


/s/ Stanley R. Zirkin_____
Stanley R. Zirkin
Assistant General Counsel
(202) 273-3745

David H. Mori
Trial attorney
Contempt Litigation and Compliance Branch
1099 14th Street, NW, Suite 10700
Washington , DC 20005
(202) 273-3743

Dated at Washington, D.C.
this 9th day of May, 2007

**EXHIBIT 1**

## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

FILED

APR 1 0 2007

NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

| | |
|---|---|
| NATIONAL LABOR RELATIONS BOARD<br>1099 14th Street, NW, Suite 10700<br>Washington, D.C. 20005,<br><br>        Applicant,<br><br>      v.<br><br>TONY BUTLER<br>9509 Greencastle Ln<br>Lorton, VA 22079,<br><br>        Respondent. | )<br>)<br>)<br>)<br>)<br>)<br>)  Civil Case No. 07ms92 (RJL)<br>)<br>)<br>)<br>)<br>)<br>) |

## ORDER

Upon consideration of the application of the National Labor Relations Board (the

"Board"), pursuant to 29 U.S.C. Sec. 161(2), for an order requiring compliance with a

subpoena duces tecum issued to Respondent Tony Butler, good cause appears for

granting the Board's application.  Accordingly, it is hereby:

    I.    ORDERED that Respondent Tony Butler shall appear for a deposition

before a representative of the Board within 14 days of this Order on a date and location

selected by the Board and, then and there, provide the documents and written answers to

the interrogatories, as requested by Subpoena Duces Tecum B-498162.

    II.    IT IS FURTHER ORDERED that Butler shall reimburse the Board for all

attorneys' fees and costs incurred by the Board in connection with this subpoena

enforcement proceeding.  Attorneys' fees shall be calculated at the prevailing market rate.

Upon failure of the parties to agree upon the amount of such reimbursement, the Board

may make further application to the Court for an order fixing said amount.

ENTERED BY ORDER OF THE COURT

Date:

4/9/07

# EXHIBIT 2

United States Government

**NATIONAL LABOR RELATIONS BOARD**

Contempt Litigation and Compliance Branch

1099 14th St. N.W.  St. 10700
Washington, D.C.  20570
TELEPHONE (202) 273-3743  FAX (202) 273-4244

April 11, 2007

**BY FEDERAL EXPRESS AND REGULAR MAIL**

Tony Butler
9509 Greencastle Ln
Lorton, VA 22079

> Re:   <u>NLRB v. Tony Butler</u> (Civil Case No. 07ms92 (RJL))
>          CLCB Case No. 07-CLB-03

Dear Mr. Butler:

On April 9, 2007, the United States District Court for the District of Columbia entered a judgment against you ordering you to appear for a deposition before a representative of the National Labor Relations Board (the "Board") and, then and there, produce documents and written answers to interrogatories requested by Subpoena Duces Tecum B-498162.

The judgment also requires you to reimburse the Board for all attorneys' fees and costs that the Board incurred in obtaining the aforementioned judgment against you.  I have enclosed copies of the judgment and the subpoena for your review.

In accordance with the Court's judgment, I have scheduled your deposition to take place at our offices at noon (12 p.m.) on Tuesday, April 24, 2007.  Our offices are located at 1099 14th Street, NW, Suite 10700, Washington, D.C. 20570.  You will, of course, be expected to produce the information responsive to Subpoena Duces Tecum B-498162 on that date and time.

If you fail to appear for your deposition and/or fail to supply the information responsive to the subpoena, we will seek further relief from the Court, including, but not limited to, the assessment of further costs and fees against you, the imposition of prospective fines for each day you refuse to cooperate with our investigation, and body attachment (i.e., civil imprisonment).

Please call me at (202) 273-3743 by close of business on Friday, April 20, 2007, to confirm your appearance on April 24, 2007.

Sincerely,

David H. Mori
Trial Attorney

Enclosures

# UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

**FILED**

APR 1 0 2007

NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

NATIONAL LABOR RELATIONS BOARD )
1099 14ᵗʰ Street, NW, Suite 10700 )
Washington, D.C. 20005, )
)
        Applicant, )
)
    v. )  Civil Case No. 07ms92 (RJL)
)
TONY BUTLER )
9509 Greencastle Ln )
Lorton, VA 22079, )
)
        Respondent. )

## ORDER

Upon consideration of the application of the National Labor Relations Board (the "Board"), pursuant to 29 U.S.C. Sec. 161(2), for an order requiring compliance with a subpoena duces tecum issued to Respondent Tony Butler, good cause appears for granting the Board's application. Accordingly, it is hereby:

I.    ORDERED that Respondent Tony Butler shall appear for a deposition before a representative of the Board within 14 days of this Order on a date and location selected by the Board and, then and there, provide the documents and written answers to the interrogatories, as requested by Subpoena Duces Tecum B-498162.

II.    IT IS FURTHER ORDERED that Butler shall reimburse the Board for all attorneys' fees and costs incurred by the Board in connection with this subpoena enforcement proceeding. Attorneys' fees shall be calculated at the prevailing market rate. Upon failure of the parties to agree upon the amount of such reimbursement, the Board

may make further application to the Court for an order fixing said amount.

ENTERED BY ORDER OF THE COURT

Date:

4/9/07

To ___ Tony Butler, President, Bravo Fire Protection Company

_____ 9509 Greencastle Lane, Lorton, VA    22079

As requested by __ David H. Mori, Attorney

whose address is _____ 1099 14th Street, N.W., Suite 10700, Washington, DC    20005
                        (Street)                          (City)              (State)        (Zip)

YOU ARE HEREBY REQUIRED AND DIRECTED TO APPEAR BEFORE PROVIDE TO

_____ David H. Mori, Trial Attorney _____ of the National Labor Relations Board

at __ address above

in the City of _____

by ___ 31st ___ day of _____ December _____ 20 06

_____ your written answers to the attached interrogatories.

_____ Washington Sprinkler Company
                        (Case Name and Number)

_____ 5-CA-33176

And you are hereby required to **provide** ~~bring with you and produce at said time and place~~ the following books, records, correspondence, and documents:

_____ See Attachment

In accordance with the Board's Rules and Regulations, 29 C.F.R. Section 102.31(b) (unfair labor practice proceedings) and/or 29 C.F.R. Section 102.66(c) (representation proceedings), objections to the subpoena must be made by a petition to revoke and must be filed as set forth therein. Petitions to revoke must be received within five days of your having received the subpoena. 29 C.F.R. Section 102.111(b) (3). Failure to follow these regulations may result in the loss of any ability to raise such objections in court.

**B- 498162**

Under the seal of the National Labor Relations Board, and by direction of the Board, this Subpoena is

Issued at   Washington, DC

this  5   day of   December                    20 06

Robert J. Battista

NOTICE TO WITNESS. Witness fees for attendance, subsistence, and mileage under this subpoena are payable by the party at whose request the witness is subpoenaed. A witness appearing at the request of the General Counsel of the National Labor Relations Board shall submit this subpoena with the voucher when claiming reimbursement.

ATTACHMENT TO NLRB SUBPOENA DUCES TECUM

## Definitions and Instructions

1.  Written answers to the interrogatories set forth below must be provided by no later than the date indicated on the face of the subpoena.

2.  All answers to the interrogatories shall be provided under penalty of perjury, and the answers provided shall be accompanied by a sworn verification so stating.

3.  These interrogatories shall be deemed continuing to the full extent defined in the Federal Rules of Civil Procedure, Rule 26(e).

4.  Wherever used herein, the singular shall be deemed to include the plural, and vice versa; the present tense shall be deemed to include the past tense and vice versa; the masculine shall be deemed to include the feminine and vice versa; the disjunctive "or" shall be deemed to include the conjunctive "and" and vice versa; each of the words "each," "every," "any" and "all" shall be deemed to include each of the other words; and "documents" has the meaning contained in the Federal Rules of Civil Procedure, Rule 34(a).

5.  In answering these interrogatories, furnish all information, however, obtained, including hearsay that is available to you and information known by or in possession of yourself, your agents and your attorney, or appearing in your records, and identify with specificity the sources of all information provided in your answers.

6.  If you cannot answer the following interrogatories in full after exercising due diligence to secure the full information to do so, so state and answer to the extent possible, specifying your inability to answer the remainder, stating whatever information or knowledge you have concerning the unanswered portion and detailing what you did in attempting to secure the unknown information.

7.  In response to any interrogatory not expressly asking for documents, state whether there are any documents which reflect or relate to any of the information requested in that interrogatory, and identify the custodian of the documents.

8.  Any interrogatory which cannot be answered in full shall be answered as completely as possible, and any incomplete answer shall be accompanied by reasons for the incompleteness of the answer as well as by a statement of whatever knowledge, information, or belief is possessed by

the responding party with respect to each unanswered or incomplete interrogatory.

9.    Should you claim that any of the requested information is privileged, such claim shall specify in detail all the grounds on which such claim rests.

10.   As used herein, the term "person" means any natural person, corporation, partnership, proprietorship, association, organization, trust, joint venture, or group of natural persons or other organizations.

11.   As used herein, the term "documents" " include but are not limited to the following items, whether printed or recorded or produced by any other mechanical, electrical or digital process, or written or produced by hand: agreements: communications, reports, facsimiles, correspondence, telegrams. memoranda. summaries or records or telephone conversations, summaries or recordings of personal conversations or interviews, diaries, notebooks, calendar entries, notes, charts, plans summaries or records of meetings or conferences, transcripts or summaries or reports of investigations or negotiations, brochures, pamphlets, advertisements, circulars, press releases, drafts, letters. internal or inter-office memoranda or correspondence, questionnaires or surveys and response thereto, employment applications, employment or personnel files, job description, lists and marginal comments appearing on any document, video tapes, recordings and transcriptions or summaries thereof, licenses, certificates, computer databases, including but not limited to electronic mail messages and any other information stored by computer and all other writings or recordings of any variety. Additionally, the tem "document" refers to any attachments to or enclosure with each document.

12.   When addresses and telephone numbers are requested, both business and home addresses and telephone numbers are required.

## INTERROGATORIES AND REQUESTS FOR DOCUMENTS

*Pursuant to §11 of the National Labor Relations Act, 29 U.S.C. §161, the National Labor Relations Board directs you to provide full and complete written responses to the interrogatories below and produce the documents set forth in this attachment.*

1.    State the name, official title, address, and telephone number of each and every person who has served as an owner or a corporate officer of Bravo Fire Protection Company, Inc. (herein referred to as "Bravo") at any time from January 1, 2006 to the present.

State the name, address, and telephone number of each and every
person employed by Bravo at any time from January 1, 2006 to the
present.

3. State the specific dates Bravo performed work for Washington
Sprinkler Company at any time from January 1, 2006 to the present.

4. Copies of any and all invoices submitted to Washington Sprinkler
Company for work performed by Bravo at any time from January 1,
2006 to the present.

5. Copies of documents showing any and all payments made by
Washington Sprinkler Company to Bravo at any time from January 1,
2006 to the present.

6. Copies of payroll records showing the hourly wage rates and hours
worked by any and all employees of Bravo on Washington Sprinkler
Company jobs at any time from January 1, 2006 to the present.

7. Copies of documents showing any and all payments made by Bravo to
the National Automatic Sprinkler Industry (herein referred to as "NASI")
Welfare Fund; the NASI Pension Fund; the NASI Education Fund;
NASI-Local 669 Industry Education Fund; or the NASI Supplemental
Pension Fund at any time from January 1, 2006 to the present.

8. State whether Bravo has ever had a collective-bargaining relationship
with Road Sprinkler Fitters Local Union 669 at any time from January
1, 2006 to the present.

9. Copies of any and all contracts between Bravo and Washington
Sprinkler Company executed at any time from January 1, 2006 to the
present.

**EXHIBIT 3**



US Home                                    Information Center | Customer Support | Site Map

Español

Search [          ] Go!

| Package / Envelope Services | Office / Print Services | Freight Services | Expedited Services |

| Ship | Track | Manage My Account | International Tools |

Track Shipments
## Detailed Results

Printable Version    ? Quick Help

| Tracking number | 792323475384 |
| Signed for by | T.TONI |
| Ship date | Apr 11, 2007 |
| Delivery date | Apr 16, 2007 1:46 PM |

| Reference | enforc |
| Destination | Lorton, VA |
| Delivered to | Residence |
| Service type | Standard Envelope |
| Weight | 0.5 lbs. |

**Wrong Address?**
Reduce future mistakes by using
FedEx Address Checker.

**Tracking a FedEx SmartPost
Shipment?**
Go to shipper login

**Status**          Delivered

**Signature image available**    Yes

Take 15% off
list rates on eligible
FedEx Express®
online shipments.
Learn more >>

| Date/Time | | Activity | Location | Details |
|---|---|---|---|---|
| Apr 16, 2007 | 1:46 PM | Delivered | Lorton, VA | |
| | 8:09 AM | On FedEx vehicle for delivery | WEST SPRINGFIELD, VA | |
| Apr 13, 2007 | 3:22 PM | At local FedEx facility | WEST SPRINGFIELD, VA | |
| | 11:38 AM | Delivery exception | WEST SPRINGFIELD, VA | Customer not available or business closed |
| | 8:16 AM | On FedEx vehicle for delivery | WEST SPRINGFIELD, VA | |
| Apr 12, 2007 | 2:56 PM | At local FedEx facility | WEST SPRINGFIELD, VA | |
| | 1:02 PM | Delivery exception | WEST SPRINGFIELD, VA | Customer not available or business closed |
| | 8:12 AM | On FedEx vehicle for delivery | WEST SPRINGFIELD, VA | |
| | 7:21 AM | At local FedEx facility | WEST SPRINGFIELD, VA | |
| | 6:01 AM | At dest sort facility | DULLES, VA | |
| Apr 11, 2007 | 9:53 PM | At dest sort facility | DULLES, VA | |
| | 9:12 PM | Left origin | WASHINGTON, DC | |
| | 4:11 PM | Picked up | WASHINGTON, DC | |
| | 12:29 PM | Package data transmitted to FedEx | | |

| Signature proof | E-mail results | Track more shipments |

Subscribe to tracking updates (optional)

Your Name: [                    ]      Your E-mail Address: [                    ]

| E-mail address | Language | | Exception updates | Delivery updates |

**UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

| | | |
|---|---|---|
| **NATIONAL LABOR RELATIONS BOARD** | ) | |
| **1099 14th Street, NW, Suite 10700** | ) | |
| **Washington, D.C. 20005,** | ) | |
| | ) | |
| **Applicant,** | ) | |
| | ) | |
| **v.** | ) | **Civil Case No. 07ms92 (RJL)** |
| | ) | |
| **TONY BUTLER** | ) | |
| **9509 Greencastle Ln** | ) | |
| **Lorton, VA 22079,** | ) | |
| | ) | |
| **Respondent.** | ) | |

**CIVIL CONTEMPT ADJUDICATION**

Upon motion of the National Labor Relations Board (the "Board") and based on the failure and refusal of Respondent Tony Butler to comply with this Court's order, dated April 9, 2007, and there being good cause:

IT IS HEREBY ORDERED that Respondent Tony Butler is in civil contempt of court for failing and refusing to appear for a deposition before a representative of the Board and comply with a subpoena by supplying the Board with documents and written answers to interrogatories, as ordered by this Court on April 9, 2007.

IT IS FURTHER ORDERED that Respondent Tony Butler shall purge himself of contempt in the manner set forth below:

1.      Within five (5) days of the date of this contempt adjudication, Mr. Butler shall appear for a deposition before a representative of the Board, on a date and location selected by the Board, and, then and there, provide the documents and written answers to the interrogatories as requested by Subpoena Duces Tecum B-498162;

2.      Mr. Butler shall reimburse the Board for all attorneys' fees, calculated at the prevailing market rate, and all costs incurred by the Board in initiating and prosecuting this contempt action.  If the parties cannot agree on this amount, the Board may submit its costs and attorneys' fees to this Court for approval; and

3.      Within ten (10) days after entry of this contempt adjudication, Mr. Butler shall file a sworn statement with the Clerk of the Court (with a copy sent by overnight mail to the Board's offices at 1099 14th Street, NW, Suite 10700, Washington, District of Columbia, 20005) showing what steps he has taken to comply with the Court's directives.

In order to assure compliance with this contempt adjudication and the Court's April 9, 2007 order, IT IS FURTHER ORDERED that prospective fines are hereby imposed against Respondent Tony Butler of up to $5,000 for each and every violation of this contempt adjudication or further violation of the Court's April 9, 2007 order, and a further fine of up to $500 per day the Court finds that such violations have continued.  The Court reserves the right, upon further motion of the Board, to impose such additional measures as may be deemed necessary to ensure compliance with the Court's orders, including the issuance of a writ of body attachment against Mr. Butler.

Dated:                                          _____

**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | | |
|---|---|---|
| **NATIONAL LABOR RELATIONS BOARD** | ) | |
| **1099 14th Street, NW, Suite 10700** | ) | |
| **Washington, D.C. 20005,** | ) | |
| | ) | |
| **Applicant,** | ) | |
| | ) | |
| **v.** | ) | **Civil Action No. 07ms92 (RJL)** |
| | ) | |
| **TONY BUTLER** | ) | |
| **9509 Greencastle Ln** | ) | |
| **Lorton, VA 22079,** | ) | |
| | ) | |
| **Respondent.** | ) | |

**CERTIFICATE OF SERVICE**

The undersigned hereby certifies that one copy of the Board's MOTION OF NATIONAL

LABOR RELATIONS BOARD FOR AN ORDER OF ADJUDICATION IN CIVIL

CONTEMPT AND FOR OTHER CIVIL RELIEF and CIVIL CONTEMPT ADJUDICATION

was this day served by FEDERAL EXPRESS upon Respondent at the following address:

> Tony Butler
> Bravo Fire Sprinkler Company, Inc.
> 9509 Greencastle Ln
> Lorton, VA 22079

> /s/ David H. Mori_____
> David H. Mori
> Trial Attorney
> Contempt Litigation and Compliance Branch
> 1099 14th Street, NW, Suite 10700
> Washington, D.C. 20005
> (202) 273-3743

Dated at Washington, D.C.
this 9th day of May, 2007.